UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

CHARLES E. FERGUSON,

        Plaintiff,

  v.

        Case No. 22-cv-241-pp

MILWAUKEE COUNTY PROBATE COURT,
JUDGE ROBERT MEICH,
and ANNA HODGES,

        Defendants.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2), SCREENING COMPLAINT AND DISMISSING CASE**

---

On February 25, 2022, the plaintiff, representing himself, filed a complaint against "Milwaukee County Probate Court et al," Judge Robert Meich and "Registar [sic] in Probate Anna Hodges." Dkt. No. 1 at 1. The same day, he filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 2. The court will grant the petitioner's motion for leave to proceed without prepaying the filing fee. It will dismiss the complaint and the case.

I.    **Plaintiff's Motion to Proceed Without Prepaying the Filing Fee (Dkt. No. 2)**

To allow the plaintiff to proceed without prepaying the filing fee, the court must first decide whether the plaintiff can pay the fee; if not, it must determine whether the lawsuit is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i). The plaintiff's

1

request to proceed without prepaying the fee does not indicate whether he has any income. Dkt. No. 2. It states that aside from "an old truck" worth $1,600, the plaintiff has no property or assets. Id. at 2. The court will assume the plaintiff does not have the ability to prepay the filing fee.

This does not mean that the plaintiff does not owe the filing fee; the Seventh Circuit has held that "every . . . person who proceeds [without prepaying the filing fee]" is "liable for the full fees," because "all [28 U.S.C.] § 1915(a) does for any litigant is excuse the pre-payment of fees." Robbins v. Switzer, 104 F.3d 895, 898 (7th Cir. 1997); see also Rosas v. Roman Catholic Archdiocese of Chi., 748 F. App'x 64, 65 (7th Cir. 2019) ("Under 28 U.S.C. § 1915(a), a district court may allow a litigant to proceed 'without prepayment of fees,' but not without ever paying fees."). Because the plaintiff has filed at least sixteen cases in this district, he likely is aware that he is responsible for the filing fees even if the court grants him leave to proceed without prepaying the filing fee and even if it later dismisses the case.

## II. Screening

### A. Facts Alleged in the Complaint

The court must decide whether the plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). To state a claim under the federal notice pleading system, a plaintiff must provide a "short and plain statement of the claim" showing that she is entitled to relief. Federal Rule of Civil Procedure

2

8(a)(2). The plaintiff does not need to plead every fact supporting his claims; he needs only to give the defendants fair notice of the claim and the grounds upon which it rests. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). At the same time, the allegations "must be enough to raise a right to relief above the speculative level." Id. The court must liberally construe the allegations of his complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

The plaintiff filed his complaint on February 25, 2022. Dkt. No. 1. The complaint alleges that Caldon Ferguson died in 1981 at the age of seventy and that there was "a will naming Plaintiff as Personal Representive." Id. at 2. It contends that "[d]omicilliary letters" were mailed to the plaintiff, but that those letters were seized by Gene Ferguson. Id. The complaint alleges that Judge "Robert Meich" appointed Gene Ferguson as a "SPECIAL ADMINISTRATOR;" it alleges that Gene Ferguson defrauded the court by swearing that the decedent had not left a will. Id. The complaint alleges that Judge Meich, knowing that there was a will naming the plaintiff as the personal representative, "joined the Conspiracy by causing Letters to be Delivered to Gene Ferguson who stripped the estate of all its Assets . . . ." Id. The complaint alleges that since January 19, 1982, "Probate Officials Claimed that, Caldon Ferguson Estate . . . Left no WILL while knowing that there was a will filed, refusing to Deliver Will pursuit to Wisconsin State Law Wisc Stats S. 856.05 . . . ." Id.

As for defendant Anna Hodges, the complaint asserts that "ON OR ABOUT" February 15, 2022, Hodges "admitted that WILL filed within 30 days of

3

the death of Decident is and was in the possession of the MILWAUKEE COUNTY PROBATE COURT SINCE 1981 . . . . thereby complimenting a 40 year crime, but did refuse to Deliver WILL OR FILE IT IN PROBATE COURT." Id. The complaint asserts that Caldon Feguson was "TAX EXEMPT," was a personal representative of someone named Nolan Ferguson and was a religious leader of the Memphis, Tennessee Church of God in Christ. Id. at 3. The complaint makes reference to someone—it is not clear whom—having liquor licenses, bars and lottery licenses and says that this somehow relates to the will being concealed for forty years. Id. Citing various Wisconsin laws, the complaint accuses defendant Meich of judicial misconduct and defendant Hodges of refusing to deliver a will and false swearing. Id. at 2. While the plaintiff says he lives on N. 38th Street in Milwaukee, Wisconsin and names as the defendant "Milwaukee County Probate Court et al," Meich and Hodges, id. at 1-2, he marked the box on the form complaint indicating that he was suing in diversity, id. at 4. He says the amount of money at stake in this case is "MULTI MILLION." Id. As relief, the plaintiff asks for

> DELIVERY OF CALDON FERGUSON WILL wisc stats s. 856.05
> NUNC PRO TUNK ORDER EXPUNGING FRAUDULENT EVIDENCE
> OF CRIMES from all court records, and file will. criminal charges be enforced

Id.

B. Analysis

The face of the complaint indicates that the court does not have subject matter jurisdiction. Federal courts have limited jurisdiction. They may decide cases arising under the Constitution or laws of the United States and they may

4

decide cases involving disputes between citizens of different states when the amount at stake is over $75,000. While the plaintiff marked the box indicating that he was suing under state law, was diverse in citizenship from each defendant and was suing for "MULTI MILLION," both he and the Milwaukee County Probate Court are citizens of Wisconsin. Dkt. No. 1 at 1-2. The plaintiff did not provide addresses for defendants Judge Meich or Anna Hodges. This court has jurisdiction to preside over allegations of violations of *state* law only when the plaintiff resides in a different state than every one of the defendants (and is suing for more than $75,000). The plaintiff has not alleged that any of the defendants are residents of states other than Wisconsin.

The plaintiff has sued the "Milwaukee County Probate Court et al" and "Judge Robert Meich."[1] It appears that the plaintiff means to sue a Milwaukee County Circuit Court judge who adjudicated a state court probate proceeding. "A judge has absolute immunity for any judicial actions unless the judge acted in absence of all jurisdiction." Polzin v. Gage, 636 F.3d 834, 838 (7th Cir. 2011). The plaintiff has not alleged that Judge Meich did not have jurisdiction over the Caldon Ferguson probate estate. The plaintiff cannot sue a judge for doing his job.

Even if this court had subject matter jurisdiction and defendant Reich was not immune from suit, "[t]he Rooker-Feldman doctrine prevents lower federal courts from exercising jurisdiction over cases brought by state-court

---

[1] It appears that Judge Robert J. Miech passed away in 2008. https://www.legacy.com/us/obituaries/jsonline/name/robert-miech-obituary?id=3181060.

losers challenging state-court judgments rendered before the district court proceedings commenced." Mains v. Citibank, N.A., 852 F.3d 669, 675 (7th Cir. 2017); see also Brown v. Bowman, 668 F.3d 437, 442 (7th Cir. 2012). "Claims that directly seek to set aside a state-court judgment are *de facto* appeals that trigger the doctrine," but "even federal claims that were not raised in state court, or that do not on their face require review of a state court's decision, may be subject to Rooker-Feldman if those claims are closely enough related to a state-court judgment." Mains, 852 F.3d at 675; see also Jakupovic v. Curran, 850 F.3d 898, 902 (7th Cir. 2017). The Rooker-Feldman doctrine prohibits relief to the extent the plaintiff challenges a state court judgment.

To the extent that the plaintiff meant to assert any other claim, the court cannot determine what that claim might be. Fed. Rule Civ. P. 8(a) requires a complaint to contain a "short and plain" statement of the basis for the court's jurisdiction and a "short and plain" statement of the claim that entitles the plaintiff to relief. The Seventh Circuit has said that Rule 8(a) "requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud." Davis v. Anderson, 718 F. App'x 420, 424 (7th Cir. 2017) (quoting U.S. *ex rel.* Garst v. Lockheed-Martin Corp., 328 F.3d 374, 378 (7th Cir. 2003)) (emphasis omitted). The plaintiff has attempted to assert violations of state law against other Wisconsin citizens; the court has no jurisdiction to hear those claims and it cannot discern any others.

Finally, the court acknowledges that a court should allow a plaintiff an opportunity to file an amended complaint unless it finds that any amended

6

complaint would be futile. See Boyd v. Bellin, 835 F. App'x 886, 889 (7th Cir. 2021). The court finds that here, amendment would be futile. The plaintiff seeks to assert state-law claims against what appear to be Wisconsin residents (one of whom is no longer living) based on events that occurred forty years ago. The court cannot conceive of a scenario in which this federal court of limited jurisdiction would have the authority to hear such claims.

The court will dismiss the complaint and the case.

### III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2. The plaintiff must pay the $350 filing fee as he is able.

The court **ORDERS** that the complaint and this case are **DISMISSED**. The clerk will enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within 30 days of the entry of judgment. See Federal Rules of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. See Fed. R. App. P. 4(a)(5)(A).

Under limited circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under

Federal Rule of Civil Procedure 59(e) must be filed within 28 days of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 22nd day of April, 2022.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**