UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

CHARLES E. FERGUSON,

        Plaintiff,

  v.

MILWAUKEE COUNTY PROBATE COURT,
JUDGE ROBERT MEICH,
and ANNA HODGES,

        Defendants.

Case No. 22-cv-241-pp

---

**ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER (DKT. NO. 7)**

---

On February 25, 2022, the plaintiff, representing himself, filed this lawsuit. Dkt. No. 1. The court dismissed the complaint on April 22, 2022 for lack of subject-matter jurisdiction. Dkt. No. 5 at 5. The court also found that even if it had jurisdiction, the plaintiff's claims would be barred by the Rooker-Feldman doctrine. Id. at 5-6.

The plaintiff since has filed a motion reconsider the dismissal under Rule 59(e). Dkt. No. 7. The court will deny the motion.

"Altering or amending a judgment under Rule 59(e) is permissible when there is newly discovered evidence or there has been a manifest error of law or of fact." Harrington v. City of Chi., 433 F.3d 542, 546 (7th Cir. 2006) (citing Bordelon v. Chi. Sch. Reform Bd. of Trs., 233 F.3d 524, 529 (7th Cir. 2000)). A manifest error is not demonstrated by the disappointment of the losing party, but rather is the "wholesale disregard, misapplication, or failure to recognize

1

controlling precedent." Oto v. Metro. Life Ins. Co., 224 F.3d 601, 606 (7th Cir. 2000) (quoting Sedrak v. Callahan, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)). "Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." Ahmed v. Ashcroft, 388 F.3d 247, 249 (7th Cir. 2004) (quoting Caisse Nationale de Credit Agricole v. CBI Indus., Inc., 90 F.3d 1264, 1270 (7th Cir. 1986)). Rule (59)(e) allows a court to alter or amend a judgment if the party files the motion "no later than 28 days after the entry of the judgment."

The plaintiff says that there is a case still pending in the probate court and argues that the Rooker-Feldman doctrine does not apply because the probate court is denying him his right to petition this court in violation of state and federal laws and the U.S. Constitution. Dkt. No. 7.

The plaintiff has not demonstrated that this court's dismissal of his complaint constituted wholesale disregard, misapplication or failure to recognize controlling precedent. The court dismissed the plaintiff's lawsuit because it does not have subject-matter jurisdiction over state-law claims brought by one Wisconsin citizen against another. Dkt. No. 5 at 5. When a court does not have jurisdiction, that means the court does not have the authority to decide the case. The court also dismissed one of the defendants because as a judge, he was entitled to judicial immunity. Id. The court's reference to the Rooker-Feldman doctrine was not necessary to its decision; the court observed that if it had had jurisdiction and if the judge had not been

2

immune from suit, the court could not have ruled on a challenge to a state-court judgment because of the Rooker-Feldman doctrine.

Even if the plaintiff is correct that the probate case of which he complains is not complete and remains pending in probate court, he has not demonstrated that this court has subject-matter jurisdiction to decide his claims.

The court **DENIES** the plaintiff's motion to reconsider the decision to dismiss his case. Dkt. No. 7.

Dated in Milwaukee, Wisconsin this 16th day of August, 2022.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**